UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL M. BRADLEY,

                    Petitioner,

                                                        **ORDER**

          v.                                            **No. 07-CV-6445(DGL)(VEB)**

DARWIN LA CLAIR,

                    Respondent.

_____

## INTRODUCTION

Presently pending before this Court in this *pro se* petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, is petitioner Michael M. Bradley's motion seeking (1) to amend the petition, (2) to hold the petition in abeyance, and (2) for an extension of time to file a reply to respondent's response and memorandum of law in opposition to the petition.  (Docket No. 6).[1] For the following reasons, petitioner's motion for an extension of time to file a reply is granted. Petitioner's motion to hold the petition in abeyance is denied without prejudice to re-filing upon a showing that petitioner is entitled to a stay of the petition pursuant to *Rhines v. Weber*, 544 U.S. 266, 277 (2005).

## DISCUSSION

There are several deficiencies in petitioner's motion to hold the petition in abeyance. First and foremost, he does not identify the claims that he proposes to add to the pending habeas petition. He does mention that he has "filed a Writ of Error Quae Coram Nobis Resident [sic]" but does not identify the claims raised in that application or when it was filed.

_____

[1]        This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A)-(C), for all pre-trial matters and to hear and report on all dispositive motions for consideration by the District Judge.

Second, petitioner's motion to hold the petition in abeyance does not identify the petition as a "mixed petition"–i.e., containing both exhausted and unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509 (1982); *see also Zarvela v. Artuz*, 254 F.3d 374, 377 (2d Cir.)  ("We conclude that a district judge confronting a mixed petition has discretion either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition."), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001); *Clancy v. Phillips*, 04 CV 4343KMK, 2005 WL 1560485, *6 (S.D.N.Y. July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here.  The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time.") (citation omitted)), or whether petitioner is seeking to add unexhausted "new" or additional claims to the petition.  Accordingly, before the Court can properly address petitioner's motion for a stay, petitioner must advise the Court whether or not the petition currently before the Court is a mixed petition and if so, which claims raised in the petition are unexhausted.

However, if the petition contains only exhausted claims, the petitioner must, in addition to re-filing his motion for a stay, file a motion to amend the petition to include the new unexhausted claim or claims petitioner seeks to add to the petition.  The motion to amend the petition must attach a proposed amended petition that raises *both* the claims now raised in the petition *and* the new claim or claims that petitioner seeks to exhaust and then add to the instant habeas corpus proceeding.

In his motion to amend the petition, petitioner is advised that he should address the "relation back" requirement of Rule 15(c) of the Federal Rules of Civil Procedure. Where a

petitioner seeks to add a new claim to his habeas petition after the expiration of the statute of

limitations[2], he is required to show that the proposed amendment "relates back" to the claims in

the original petition. *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000)

("[W]e hold that Rule 15(c) [of the Federal Rules of Civil Procedure] applies to [28 U.S.C.] §

2254 petitions for habeas corpus."). An amendment relates back if the claim that is sought to be

added "arose out of the conduct, transaction, or occurrence set forth" in the original petition.

FED. R. CIV. P. 15(c)(1)(B).[3]   The Supreme Court recently has circumscribed the definition of

Rule 15(c)'s "conduct, transaction, or occurrence" in the habeas context, holding that it cannot

be read to encompass a petitioner's state-court criminal "trial, conviction, or sentence." *See*

*Mayle v. Felix*, 545 U .S. 644, 656 (2005). According to the *Mayle* court, to hold otherwise

would mean that "virtually any" proposed amendments to a habeas petition would "relate back"

for purposes of Rule 15(c), since "federal habeas claims, by their very nature, challenge the

constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto."

*Id.* at 657 (citation omitted). Instead, the Supreme Court determined that "relation back will be in

order" provided that "the original and amended petitions state claims that are tied to a common

core of operative facts." *Id.* A proposed amendment, however, will not "relate back" to the date

---

[2]     "A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

[3]     Rule 15(c) provides in relevant part that

An amendment to a pleading relates back to the date of the original pleading when:
. . .
(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or
occurrence set out–or attempted to be set out–in the original pleading . . .

FED. R. CIV. P. 15(c)(1)(B) (former FED. R. CIV. P. 15(c)(2)).

of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.*

In addition to his motion to amend attaching a proposed amended petition, petitioner must re-file his motion for a stay. He should be aware that in *Rhines v. Weber*, 544 U.S. at 277, the Supreme Court limited the district courts' approval of stay requests to those situations where there is both a showing by petitioner of "good cause" for the petitioner's failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition *and* that the unexhausted claims are not "plainly meritless." *Id.* at 277. When petitioner submits his new motion for a stay, he should address (1) whether there was "good cause" for petitioner's failure to exhaust the new claims; (2) whether the claim "relates back" to the originally pled claims, *see Mayle v. Felix*, 545 U.S. 644 (2005); and (3) whether the new claim is "potentially meritorious" on federal habeas corpus review). *See*, *e.g.*, *Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 WL 1765714 (S.D.N.Y. July 26, 2005) (denying request for stay without prejudice to renew upon a showing of "good cause", that the proposed claims "relate back", and that the new claims are "potentially meritorious").

Because petitioner has not identified the claim or claims he wishes to add to the petition, the Court has an insufficient basis on which to decide his motion to amend. Further, because petitioner has failed to show both "good cause" for the failure to exhaust and that the new claim or claims "potentially meritorious," petitioner's request to hold this proceeding in abeyance with respect to any unexhausted claim or claims must be denied without prejudice. **The Court points out that this Order does not in any way limit petitioner's ability to begin to pursue any *state* court remedies that may be available to him with regard to his unexhausted claim or**

claims independent of his habeas petition. **He is advised, however, that he must fulfill the conditions stated herein for amending his habeas petition so as to present any additional claims to this Court.**

**Accordingly,**

**IT IS HEREBY ORDERED** that, petitioner's motion to amend and to hold the petition in abeyance (Docket No. 6) is **DENIED** without prejudice subject to petitioner's re-filing the motion and showing pursuant to *Rhines v. Weber*, 544 U.S. at 277-78, that (1) there is "good cause" for petitioner's failure to exhaust the new claims; (2) that the new claims relates back under FED. R. CIV. P. 15 and *Mayle v. Felix*, 545 U.S. at 650,[4] to the claims originally pled in the Petition; and (3) that the new claim is potentially meritorious. **If petitioner re-files his motion for a stay, he must do so within thirty (30) days of his receipt of this Order.** Petitioner must serve the re-filed motion for a stay on respondent's counsel.

**FURTHER**, to the extent petitioner seeks to add a new claim to the petition, he shall, in addition to re-filing the motion for a stay, file concurrently and serve upon respondent a motion to amend the petition pursuant to FED. R. CIV. P. 15 which addresses the issue of timeliness of the new claim and "relation back." Petitioner shall also attach to his motion to amend a proposed amended petition that raises both the claims now raised in the petition and the new claim petitioner seeks to exhaust and add to the instant habeas corpus proceeding. **If petitioner re-files his motion to amend the petition, he must do so within thirty (30) days of his receipt**

---

[4] "An amended habeas petition . . . does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)]'s one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

**of this Order.** Petitioner's motion to amend the petition must be served upon respondent's counsel.

      **FURTHER**, should petitioner re-file his motion for a stay and a proposed amended petition, respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing memorandum of law. Petitioner shall have twenty (20) days from the date he receives respondent's opposition papers to submit a reply memorandum of law.

      **FURTHER**, petitioner's request for an extension of time to reply to respondent's opposition papers is **GRANTED**. Petitioner shall have until thirty (30) days from the date of this Order to file his reply memorandum of law.

      **FURTHER**, the Clerk of the Court is directed to send petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254, which petitioner should use for his proposed amended petition.

      **IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      February 15, 2008
                  Rochester, New York.